Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Condado 6, LLC<br><br>  Demandante-Apelados<br><br>              vs.<br><br>Palmas de Lucía Inc., Costa del Mar Guest House Inc., Mauna Caribe, Inc., Lucía Beach, LLC, Guánica 1929, Inc., Juan López Molina, su esposa María Del Carmen Rodríguez Correa y la Sociedad Legal de Gananciales compuesta por ambos<br><br>  Demandados-Apelantes | KLAN202400017 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br><br>Civil Núm.: HU2018CV00084<br><br><br>Sobre: Cobro de Dinero, Ejecución de Hipoteca por la Vía Ordinaria; y Ejecución de Gravamen Mobiliario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 07 de marzo de 2024.

Comparece ante nos, Palmas de Lucia, Inc., Costa del Mar Guest House, Inc., Mauna Caribe, Inc., Lucia Beach, LLC., Juan López Molina, su esposa María Del Carmen Rodríguez Correa, la Sociedad Legal de Gananciales compuesta éstos, y Guánica 1929, Inc. (en adelante, parte apelante), quienes presentaron recurso de "Apelación Civil", en el que solicitan la revocación de la "Sentencia Enmendada" dictada el 4 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Humacao.

Mediante dicho dictamen, el Foro Primario declaró "Ha Lugar" la "Moción en Solicitud de Sentencia" presentada por Condado 6, LLC. (a continuación, Condado 6 o parte apelada), y ordenó a la parte apelante el pago de los montos adeudados.

---

[1] Notificada el 5 de diciembre de 2023.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se Confirma la "Sentencia Enmendada", por los fundamentos que expondremos a continuación.

**-I-**

El 9 de abril de 2018, Condado 6 presentó "Demanda" por cobro de dinero, ejecución de hipoteca por la vía ordinaria y ejecución de gravamen mobiliario. Ésta fue instada contra de Palmas de Lucía, Inc., Costa del Mar Guest House, Inc., Mauna Caribe, Inc., como deudores, y a Guánica 1929, Inc., Juan López Molina, su esposa María del Carmen Rodríguez Correa y la Sociedad Legal de Gananciales compuesta por ambos, quienes solo comparecieron como garantizadores solidarios de los préstamos suscritos.

Entre otras cosas, Condado 6, alegó haber adquirido todo el interés del Banco de Desarrollo Económico en seis (6) préstamos comerciales,[2] en los cuales los miembros de la parte apelante comparecieron en calidad de deudor o en calidad de garantizador solidario, respectivamente.

A saber, **Préstamo I:** Suscrito el 7 de mayo de 2003, por BDE y Palmas de Lucía, Inc., por la suma principal de $1,094,163.00. **Préstamo II:** Suscrito el 28 de abril de 2004, por BDE y Costa del Mar Guest House, Inc., por la suma principal de $558,045.00. **Préstamos III y IV:** Suscritos, ambos, el 5 de mayo de 2009, por BDE y Mauna Caribe, Inc., para una suma principal $1,400,000.00. **Préstamos V y VI:** Suscritos, ambos el 30 de diciembre de 2014, por BDE y Lucía Beach, LLC., para un principal de $695,400.00.

En concreto Condado 6 arguyó que, los montos reclamados estaban vencidos, eran líquidos y exigibles. Además, aseguró que,

---

[2] Garantizados, entre otras cosas, por pagarés hipotecarios, pagarés asegurados.

desde el 1 de agosto de 2017, es poseedor buena fe de los pagarés asegurados, garantías y colaterales, resultados de los antes mencionados préstamos.

Así las cosas, el 9 de julio de 2018, la parte apelada presentó la "Contestación a Demanda", donde negó conocer si Condado 6, era el tenedor buena fe de los pagarés hipotecarios que pretendía ejecutar. A su vez, negó por falta de información[3], que la parte apelante tuviese un interés asegurado en virtud de las alegadas cesiones de gravámenes hipotecarios.

Así las cosas, el 31 de julio de 2018, la parte apelada presentó una "Moción Bajo Juramento Solicitando se Dicte Sentencia Sumaria".[4] En muy apretada síntesis, alegó que las cantidades reclamadas, que no habían sido controvertidas por la parte apelante, estaban vencidas, liquidas y exigibles. Condado 6 reiteró ser tenedor buena fe de los pagarés hipotecarios, mobiliarios y demás garantía, pues, desde el 1 de agosto de 2017, todo interés de Banco de Desarrollo Económico para Puerto Rico, le fue cedido. [5]

Tras varios trámites procesales, el 14 de enero de 2019, Condado 6 reiteró la "Moción de Sentencia Sumaria".[6] Así las cosas, el 31 de enero de 2019, la parte apelante presentó "Moción en Oposición a Sentencia Sumaria".[7] En muy resumida cuenta, la parte apelante plantó que existía controversia en cuanto a, si la cesión y endoso, por parte de BDE, de los pagarés, garantías y demás colaterales se realizaron dentro del marco de legalidad. En particular arguyó la parte apelante que, Condado 6 no era un acreedor legítimo de las obligaciones reclamadas, por entender que

---

[3] En la "Contestación Enmendada a Demanda", Anejo19 del Apéndice, los apelantes plantearon que la cesión de los pagarés a favor de Condado 6 fue una ilegal y contraria a lo pactado por BDE y éstos.

[4] Anejo 4 del Apéndice.

[5] Párrafo 3.11 de la "Moción Bajo Juramento Solicitando se Dicte Sentencia Sumaria".

[6] La "Moción de Sentencia Sumaria" presentada por Condado 6 el 14 de enero de 2019, ante el Foro de Instancia no fue incluida en el Apéndice de la apelación. Sin embargo, ésta fue mencionada en la Sentencia dicta por el Foro de Instancia.

[7] Anejo 9 del Apéndice.

la cesión de derechos se hizo en contravención del Reglamento de Disposición de Propiedades del Banco de Desarrollo Económico para Puerto Rico, según enmendado al 13 de diciembre de 2016. En virtud de sus planteamientos la parte apelante presentó una "Demanda contra tercero",[8] mediante la cual incluyó en el pleito a BDE.

Posteriormente, el 25 de febrero de 2019, la parte apelante presentó "Moción Suplementando Moción en Oposición a Moción de Sentencia Sumaria y Réplica a Moción en Oposición a Solicitud de Permiso para presentar Demanda contra Tercero y Oposición a Sentencia Sumaria".[9] En ésta replanteó los argumentos relacionados a la ilegalidad en la transacción de la cesión de la acreencia, entre Condado 6 y BDE. Además, resaltó que BDE no podía vender o ceder su acreencia a Condado 6, por ésta última no ser un banco, fideicomiso o institución, según requerido por la Sección 3.06 de todos los contratos de préstamo suscritos.

Surge del expediente judicial que, dado la controversia planteada, el Tribunal de Primera Instancia celebró vistas argumentativas, expidió órdenes para que se produjeran documentos y autorizó la presentación "Demanda contra Tercero"[10] contra BDE. Ésta fue enmendada con posterioridad a los únicos fines de alegar que la cesión de los préstamos era nula, pues Condado 6 no cumplía con la definición que el BDE acordó, en la sección 3.06 de los Contratos de Préstamo, podrían ser cesionarios o adquirentes de las acreencias de éstos.[11]

Ahora bien, la referida "Demanda Enmendada Contra Tercero" presentada fue desestimada el 13 de junio de 2022,

---

[8] Anejo 11 del Apéndice
[9] Anejo 12 del Apéndice
[10] Incluida en el Anejo 11 del Apéndice. Fue enmendada posteriormente, "Demanda Enmendada contra Tercero", Anejo 15 del Apéndice
[11] Párrafos 2.17-2.19 de la "Demanda enmendada contra Tercero"

mediante una "Sentencia Parcial",[12] en la cual el Foro de Instancia atendió la "Moción de Desestimación" presentada por BDE. El Tribunal sentenciador, al aquilatar los argumentos de las partes, concluyó que, "[s]i permitiéramos la continuación de los procesos abonaríamos a la dilación de los procesos, cuando desde este momento podemos determinar que el contrato, a todas las luces no goza de ilegalidad".[13]

La determinación del Foro de Instancia, en cuanto a BDE, fue cuestionada por la parte apelante ante este Tribunal en el caso KLAN202200570. Atendido los argumentos allí planteados, el 4 de noviembre de 2022, este Tribunal dictó "Sentencia"[14] confirmando, sin modificación, lo resuelto por el Foro de Instancia.

La parte apelante recurrió de esta determinación al Tribunal Supremo, el cual emitió Resolución el 3 de febrero de 2023 declarando "No ha lugar" el recurso discrecional presentado ante sí.[15] En consecuencia, la "Sentencia" dictada por este Foro Apelativo advino final, firme e inapelable. [16]

Resuelta la controversia sobre la legalidad de la cesión de derechos, garantías y colaterales, el 13 de julio de 2023, el Tribunal dictó una "Sentencia".[17] En ésta declaró "Ha Lugar" la "Moción de Sentencia Sumaria" del apelado, Condado 6. Al hacerlo, el Foro de Instancia adoptó y reseñó lo resuelto en la "Sentencia" final y firme que emitió este Tribunal en el caso KLAN202200570.

A solicitud de parte, el referido dictamen fue enmendado el 4 de diciembre de 2023, por la "Sentencia Enmendada",[18] a los únicos efectos de hacer constar que la Hipoteca denominada como VII estuvo debidamente inscrita desde agosto de 2018. Ante ello,

---

[12] Anejo II del Apéndice del Alegato en Oposición.
[13] A la pág. 13 de la Sentencia Parcial.
[14] Notificada en esta misma fecha.
[15] Mandato registrado en los autos del Foro de Instancia el 13 de marzo de 2023.
[16] Se registró el Mandato del Tribunal Supremo en los autos de dicho caso.
[17] Notificada el 14 julio del mismo año.
[18] Anejo 1 del Apéndice.

la deuda reclamada era una real que podría ser ejecutada, por ejecución de hipoteca.

Inconforme el 4 de febrero de 2024, recurrió ante nos la parte apelante mediante el recurso de Apelación Civil. Al leer los argumentos planteados por esta parte, nos percatamos que son exactamente los mismos que fueron aquilatados y adjudicados en el caso de KLAN202200570. Ello es, que Condado 6 no es tenedor de buena fe de los pagarés, garantías y colaterales que hoy intenta ejecutar. Lo anterior por la parte apelante entender, que la cesión de derechos entre este y BDE fue una ilegal.

No surge del escrito de Apelación Civil planteamientos o evidencia distinta a la presentada en el caso KLAN202200570. Sin embargo, la parte apelante plantea en su recurso que el Foro de Instancia cometió el siguiente error,

> *Erró el TPI al declarar con Lugar una Demanda de manera Sumaria sin la oportunidad de realizar descubrimiento de pruebas.*

Con el beneficio del "Alegato de la Parte Demandante-Apelada" de, Condado 6, este Tribunal está en posición de resolver.

**-II-**

**-A-**

Las Reglas de Procedimiento Civil viabilizan que las controversias incoadas ante el Tribunal General de Justicia sean resultas de forma rápida, justa y económica. 32 LPRA Ap. V, R. 1. El Tribunal Supremo ha reiterado que, la Moción de Sentencia Sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de las controversias en las que resulta innecesario celebrar un juicio plenario. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). "Se facilita, por lo tanto, el proceso adjudicativo al poner al tribunal en posición de evaluar conjuntamente las

versiones encontradas para cada uno de los hechos refutados a la luz de las referencias a la prueba que alegadamente los apoya". *Meléndez González et al. v. M. Cuebas,* Inc., *supra,* a las pág. 111– 112, citando a *SLG Zapata-Rivera v. J.F. Montalvo, supra,* a las págs. 433–434.

La Sentencia Sumaria está regulada por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1 – 36.6.  En particular la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1 expone que,

> *Una parte que solicite un remedio podrá, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.*

Ahora bien, cumplido lo expuesto en el precitado texto, la parte contra quien se opone la moción de sentencia sumaria "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como la haya hecho la parte promovente.  De no hacerlo así, se dictará la sentencia sumaria en su contra si procede".  32 LPRA Ap. V, R. 36.3 (c)

Como norma general, para rebatir una moción de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente.  *Ramos Pérez v. Univisión,* 178 DPR 200, 215 (2010); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

Por su parte, los incisos (d) y (e) de la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, constituyen un mandato directo al foro de instancia.

> *(d) Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla. El tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.*
>
> *(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.*

El Tribunal Supremo de Puerto Rico analizó en el caso normativo de *Meléndez González et al. v M. Cuebas, supra,* a las págs.109–110, que,

> *Solo procede dictar Sentencia Sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia.*

El Máximo Foro definió el concepto de "hechos materiales" como "aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". *Ramos Pérez v. Univisión, supra,* a la pág. 213; *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 110. Ante ello, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria". *Ramos Pérez v. Univisión, supra,* a la pág. 214.

Añade el caso que, ante una controversia de hechos el Tribunal viene obligado a analizar los documentos que acompañan la solicitud de sentencia sumaria, la oposición, y aquellos documentos que obren en el expediente judicial. *Íd,* a la pág. 217.

Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria. Este análisis liberal persigue evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hecho legítimas y sustanciales que deben ser resueltas. *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617 (1990); *Ramos Pérez v. Univisión, supra,* a las págs. 216–217.

Ante un planteamiento que realmente controvierta de buena fe los hecho esenciales y pertinentes corresponde que el Tribunal celebre juicio. *Meléndez González et al. v M. Cuebas, supra,* a la pág. 112.

Por su parte, el Tribunal Supremo ordena a este Tribunal Apelativo resolver los asuntos presentados ante su consideración de forma fundamentada, para garantizar la función revisora de éste. *Íd,* a la pág. 114.

El Tribunal Supremo ha sido enfático en que el Tribunal de Apelaciones se encuentra en la misma posición que el foro de primera instancia al momento de revisar la procedencia de una Sentencia Sumaria. *Meléndez González et al. v M. Cuebas, supra,* a la pág. 115. Ello es, determinar si, tanto la "Moción de Sentencia Sumaria" como su oposición cumplieron con los requisitos de forma impuestos por las reglas. Además, deberá, analizar si en realidad existen hechos materiales en controversia, de existir deberá detallarlos, según lo requiere la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

Siendo así, de entender que los "hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá

entonces a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia", *Meléndez González et al. v M. Cuebas, supra,* a la pág. 119.

Ahora bien, **por ser la revisión del Tribunal de Apelaciones una de *novo,* éste tomará en consideración únicamente los hechos y documentos considerados por el Tribunal de Instancia. Lo anterior sin adjudicar los hechos materiales en controversia**. *Íd,* a la pág. 118.

**-B-**

La Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, define el término "Sentencia" como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse".

Surge, además, las Reglas de Procedimiento Civil disponen que el Tribunal podrá dictar Sentencia final, en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para esperar a la culminación del pleito.

En términos literales, la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, expone que,

> *Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.*

**-C-**

"En nuestra jurisdicción, los derechos y las obligaciones adjudicados mediante un dictamen judicial, que adviene final y firme, constituyen ley del caso". *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1, 8 (2016).

La doctrina de la Ley de Caso ha sido definida por el Tribunal Supremo como "la norma de que las determinaciones de un tribunal apelativo, en todas aquellas cuestiones consideradas y decididas, generalmente obligan tanto al Tribunal *a quo* como al que las dictó, si el caso vuelve a su consideración", H.A. Sánchez Martínez, Derecho Procesal Apelativo, Puerto Rico, Lexis Nexis, L001, págs. 627-628; C. E. Díaz Olivo, Litigación Civil, 2016, Puerto Rico, pág. 111.

La figura es definida como una norma, pues "es la práctica general observada por los tribunales de negarse a reabrir lo que ya antes se había decidido. (...) Esto es una cuestión de sana práctica y no una regla inquebrantable" J. A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1ª ed. rev., 2012, págs. 368-369.

La doctrina de la ley del caso sólo podrá ser planteada como una defensa, cuando exista una determinación final que adjudique la controversia en sus méritos. Lo anterior, para garantizar la finalidad de las determinaciones judiciales y brindar certidumbre a ésta. C. E. Díaz Olivo, Litigación Civil, 2016, *op. cit.,* a la pág. 111 Nuestro ordenamiento jurídico persigue que las partes en un pleito puedan proceder sobre unas directrices confiables y certeras. R. Ortega-Vélez, Diccionario de Términos y Frases: Derecho puertorriqueño, 5ª, Ediciones Situm, Inc., 2022, pág. 191

De hecho, "no debe alterarse una decisión previamente emitida, si del récord no surge que hubiese habido una variación en los hechos del caso o en el derecho imperante". Sánchez Martínez, *op. cit.* a la pág. 629.

Ahora bien, el Tribunal Supremo reconoce que los Tribunales podrán modificar las determinaciones de los foros apelativos. Asimismo, el Tribunal Supremo de Estados Unidos ha expresado que, la doctrina de la ley del caso "dirige la discreción

del tribunal, no la limita". *Cacho Pérez v. Hatton Gotay y otros*, *supra*, a la pág. 9.

Sin embargo, esta flexibilidad no es absoluta, y sólo opera cuando el foro determina que la decisión anterior es una errónea que podría causar una grave injusticia. R. Ortega-Vélez, <u>Diccionario Jurídico Derecho Puertorriqueño</u>, 1ª ed. Ediciones Scisco, 2005, pág. 248.

**-III-**

La parte apelante cuestiona si el Tribunal de Primera Instancia incidió al resolver sumariamente el pleito sin conceder a las partes un término para descubrimiento de pruebas. No le asiste la razón.

Surge del trámite procesal antes discutido que, el 9 de abril de 2018, Condado 6 presentó una "Demanda" contra la parte apelante, para recuperar los montos adeudados por estos últimos. Con posterioridad Condado 6 presentó una "Moción de Sentencia Sumaria" acompañada de documentos públicos y documentos privados debidamente autenticados, que sustentaban sus planteamientos.

Por su parte, la parte apelante presentó una "Contestación a Demanda" y una "Moción en Oposición a Sentencia Sumaria", respectivamente. En ambos escritos, la parte apelante, planteó que sólo existía controversia en cuanto a la legalidad de la cesión de los pagarés, garantías y colaterales.

Traído al pleito al Banco de Desarrollo Económico, para dilucidar la controversia de la parte apelante, el Tribunal de Primera Instancia ordenó la producción de documentos y celebró vistas argumentativas con el fin de determinar si existía alguna ilegalidad en la cesión de derechos. Escuchados los planteamientos de las partes, aquilatada la evidencia, en consideración con el derecho aplicable a este tipo de transacciones, el 13 de junio de

2022, el Foro Primario determinó que la cesión de BDE a Condado 6 fue una legal.

La determinación del Foro de Instancia fue confirmada por este Tribunal de Apelaciones en la "Sentencia" dictada el pasado 4 de noviembre de 2022, en el caso KLAN202200570. Determinación que es final y firme, la cual constituye ley del caso.

Según esbozada, la figura de ley del caso no constituye una camisa de fuerza para los Tribunales. Sin embargo, "no debe alterarse una decisión previamente emitida, si del récord no surge que hubiese habido una variación en los hechos del caso o en el derecho imperante". Sánchez Martínez, *op. cit.* a la pág., 629.

Ahora bien, la parte apelante ha recurrido ante nos, mediante el recurso de Apelación Civil, para que se revoque la "Sentencia Enmendada", con los mismos planteados que fueron aquilatados y adjudicados en el caso de KLAN202200570.

Lo anterior por la parte apelante entender, que la cesión de derechos entre este y BDE fue una ilegal. Sin embargo, contrario a los preceptos legales esbozados, la parte apelante continúa descansando en meras alegaciones que no han sido sustentadas.

Han pasado alrededor de 16 meses desde que este Tribunal dictó Sentencia confirmando la determinación del Foro de Instancia, en cuanto a la legalidad de la cesión que hizo BDE a Condado 6. Sin embargo, los planteamientos de la parte apelante continúan descansando en la creencia de que la cesión de Banco de Desarrollo Económico a Condado 6 es una ilegal.

Contrario a las disposiciones judiciales la parte apelante no ha demostrado la variación de hechos y derechos que nos lleven a la conclusión que la determinación dictada en el caso KLAN202200570 debe ser modificada. A su vez, estos tampoco han presentado evidencia que nos permitan concluir que la

determinación del Tribunal de Primera Instancia es una errónea que podría causar una grave injusticia.

**-V-**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, se confirma la "Sentencia Enmendada" emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones